**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**DYRYNDA THOMAS**                                                                **PLAINTIFF**

**V.**                                                          **CIVIL CASE NO.2:11CV257-M-A**

**KUEHNE + NAGEL, INC.,**
**ET AL**                                                                                        **DEFENDANTS**

**ORDER DENYING MOTION TO COMPEL**

The defendant, Kuehne + Nagel, Inc., filed a motion to compel plaintiff's responses to

written discovery on August 27, 2012.  Docket 22.  Defendant asserts plaintiff failed to respond

to interrogatories and requests for production propounded to plaintiff on April 9, 2012.  As of the

date of filing, plaintiff has failed to respond to defendant's requests.  Defendant seeks responses

on or before September 7, 2012 in order to prepare for the plaintiff's deposition scheduled for

September 10, 2012.  In its memorandum in support counsel for defendant states there have been

two e-mails to plaintiff's counsel  attempting to resolve the outstanding discovery issue.  Docket

23.  Nevertheless defendant has failed to provide a signed copy of a Good Faith Certificate or an

affidavit stating that no signed certificate could be obtained.  L. U. Civ. R. 37(a).

Based on the defendant's assertions[1]the court would normally find the motion well taken.

Notwithstanding, "[f]ailure to comply with . . ." the requirements of L. U. Civ. R. 37(a) or (b)

"will result in a denial of the motion without prejudice to the party, who may refile the motion

upon conformity with the rule."  L. U. Civ. R. 37(c).  Therefore the court may not grant the

---

[1] Plaintiff's response is not yet due under the rules.  L. U. Civ. R. 7(b)(4).

defendant's motion at this time.

Accordingly it is Ordered,

That defendant's motion to compel is denied without prejudice.  Defendant may refile the motion upon compliance with L. U. Civ. R. 37.  The court reminds counsel for plaintiff that if the defendant does comply with the requirement of certification and is required to move again for an order directing plaintiff to respond to written discovery, Rule 37(a)(5) of the Federal Rules of Civil Procedure provides that, unless failure to respond was substantially justified or sanctions would otherwise be unjust, "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion."

THIS, the 29th day of August, 2012.

 /s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE